2222-CC09719

Electronically Filed - City of St. Louis - October 18, 2022 - 02:40 PM

IN THE CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS

| | |
|---|---|
| WILLIAM R. RANKIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| vs. ) | |
| ) | Division No.: |
| GEICO INDEMNITY COMPANY ) | |
| Serve:  Chlora Lindley-Myers, Director ) | **JURY TRIAL DEMANDED** |
| Missouri Department of Insurance ) | |
| 301 W. High Street, Room 530 ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through counsel Sauter Sullivan, LLC, and for her Petition against Defendant, states as follows:

1. The motor vehicle collision which is the subject of this matter occurred in the City of St. Louis, State of Missouri.

2. Defendant is a duly organized and existing insurance company registered with the Missouri Department of Insurance to do business under and by virtue of the laws of the State of Missouri.

3. Pursuant to RSMo. 508.101, venue is proper in the City of St. Louis since the no defendant is a resident of the State of Missouri.

### COUNT I
**(Breach of Contract – Uninsured Motorist Coverage)**

4. Plaintiffs re-allege and incorporate paragraphs 1 through 3 as though fully set forth in Count I.

Electronically Filed - City of St. Louis - October 18, 2022 - 02:40 PM

5. At all relevant times herein, Defendant had in full force and effect a policy of insurance which insured a 1998 Chevy Silverado which was owned by Plaintiff's mother, Renee Rankin.

6. On August 17, 2020, at approximately 2:30 a.m., Plaintiff was operating the 1998 Chevy Silverado in downtown St. Louis going southbound on 10th Street.

7. On the above-mentioned date and time, Plaintiff entered the intersection of 10th Street and Washington Avenue on a green light.

8. On the above-mentioned date and time, La'Javion Ramsey was operating a 2014 Dodge Charger going eastbound on Washington Avenue.

9. At the above-referenced date, place, and time, La'Javion Ramsey entered the intersection of Washington Avenue and 10th Street on a red light and struck the vehicle being driven by Plaintiff.

10. The above-mentioned collision was directly and proximately caused by the negligence and carelessness of the La'Javion Ramsey in failing to exercise the highest degree of care, to-wit:

    A. La'Javion Ramsey failed to keep a careful lookout;

    B. La'Javion Ramsey drove at an excessive speed; and

    C. La'Javion Ramsey violated a traffic signal.

11. As direct and proximate result of incident mentioned above, Plaintiff sustained injuries.

12. As a direct and proximate result of the aforesaid injuries, Plaintiff was compelled to submit to treatment of medical professionals.

13. As a direct and proximate result of the injuries set forth above, Plaintiff incurred

medical expenses and shall incur further medical expenses in the future because of such injuries.

14. The 2014 Dodge Charger that La'Javion Ramsey was driving at the time of the above-referenced collision was owned by Martell Dailey.

15. At the time of the collision, Martell Dailey did not have active insurance coverage on the 2014 Dodge Charger.

16. At the time of the collision, La'Javion Ramsey did not have automobile insurance which covered him.

17. The uninsured motorist coverage under the policy issued by Defendant is triggered in this matter by the fact that neither Martell Dailey nor La'Javion Ramsey had automobile insurance coverage to satisfy the damages caused to Plaintiff.

18. Plaintiff has performed all conditions to be performed by her under the terms of the insurance contract maintained by Defendant.

19. Despite the fact that Plaintiff has performed all condition to be performed under the policy of insurance, Defendant has failed and refused to make payment to Plaintiff.

20. Defendant has breached the insurance contract directly and proximately causing Plaintiff damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant in an amount in excess of $25,000.00 which will adequately compensate Plaintiff for his damages, for prejudgment interest, for her costs herein expended, and for such other relief as the Court deems necessary and just.

## COUNT II
### (Vexatious Refusal)

21. Plaintiffs re-allege and incorporate paragraphs 1 through 20 as though fully set forth in Count II.

22. On information and belief, the above-mentioned policy of insurance maintained

Electronically Filed - City of St. Louis - October 18, 2022 - 02:40 PM

by Defendant has a limit of $150,000.00 of uninsured motorist coverage that could apply to Plaintiff's injuries in this matter.

23.     Plaintiff has submitted evidence to Defendant proving that his claim is worth well in excess of the $150,000.00 which is available under the policy of insurance.

24.     Plaintiff has demanded that Defendant tender its full policy limits in this matter.

25.     As of the date of this petition, Defendant has failed and refused to tender its policy limits in this matter.

26.     Defendant's failure to pay its policy limits in this matter is without reasonable cause or excuse.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant in an amount not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee, and for such other relief as the Court deems necessary and just.

**SAUTER • SULLIVAN • LLC**

By: /s/ Christopher K. Geldmacher
    Christopher K. Geldmacher #48279
    Attorney for Plaintiff
    3415 Hampton Avenue
    St. Louis, MO 63139
    Telephone: (314)768-6800
    Facsimile: (314)781-2726
    E-Mail: cgeldmacher@ss-law.net