UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. RANKIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:22-cv-01220-MTS |
| GEICO INDEMNITY COMPANY, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff William R. Rankin filed a two-count Petition in the Twenty-Second Judicial Circuit Court of Missouri asserting claims exclusively under Missouri law—one for breach of contract and one for vexatious refusal to pay—against Defendant GEICO Indemnity Company. Defendant removed the case to this Court, arguing that this Court has original jurisdiction over this action under 28 U.S.C. § 1332.  Doc. [1] ¶ 1; *see also* 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending").

Defendant's Notice of Removal failed to establish this Court's subject matter jurisdiction under 28 U.S.C. § 1332(a).  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").  Defendant was required to establish the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055,

1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). This concept has long been a requirement for establishing diversity jurisdiction of cases removed to federal court. *See, e.g.*, *Jackson v. Allen*, 132 U.S. 27, 34 (1889) (reversing the judgment of the federal court below "with directions to remand to the state court" because "the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown"). Defendant provided no allegations establishing the indispensable requirement of the parties' diversity of citizenship at the time of this action's filing in state court.[1] *See, e.g.*, Doc. [1] ¶ 4 (alleging Plaintiff *is* a citizen of Missouri); *id.* ¶ 5 (alleging GEICO's principal place of business *is* in Maryland); *id.* ¶ 6 (stating Plaintiff and Defendant *are* citizens of different states). Defendant therefore failed to meet its burden. *See Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction").

## CONCLUSION

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal doing so. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). In addition, all future filings must comply with Local Rule 2.17. *See, e.g.*, Doc. [1-3] (Exhibit C to Defendant's Notice of Removal).

---

[1] Plaintiff did cite to an incident report of the automobile accident at issue when it asserted that "Plaintiff is a resident and citizen of the State of Missouri." Doc. [1] ¶ 4. That report, however, does not suffice for establishing Plaintiff's citizenship at the time he filed this action in state court because the report was written in August of 2020, over two years before Plaintiff filed this action. In addition, the listing of Plaintiff's address does not necessarily, on its own, establish his citizenship. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from 'resident'").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal that properly establishes this Court's subject matter jurisdiction no later than **Wednesday, November 23, 2022**.

**IT IS FURTHER ORDERED** that future filings, including all exhibits, shall comply with the requirements within Local Rule 2.17.

Dated this 17th day of November, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE